Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>JOSÉ C. ÁLVAREZ PORTO<br><br>Peticionario | KLCE202300523 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.<br>I SCR201401115 Y OTROS<br><br>SOBRE: LEY DE ARMAS |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Hernández Sánchez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

I.

El 10 de mayo de 2023, el Sr. José C. Álvarez Porto (señor Álvarez o peticionario) compareció ante nos, por derecho propio, y mediante un recurso de *certiorari* nos solicitó la corrección de una *Sentencia* al amparo de la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R.185 que presuntamente emitió el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI) el 6 de febrero de 2017. Específicamente, argumentó lo siguiente: (1) que la sentencia fue impuesta en violación de la constitución o las leyes del Estado Libre Asociado de Puerto Rico y las leyes de Estados Unidos; (2) que el Tribunal no tenía jurisdicción para imponer dicha Sentencia; (3) que la Sentencia impuesta excedía la pena prescrita por ley; y, por último (4) que la Sentencia estaba sujeta a ataque colateral por cualquier motivo. Además, alegó que tuvo una representación legal inadecuada. Por último, cuestionó la constitucionalidad de la Ley de Armas de Puerto Rico e invocó sus derechos bajo la Decimocuarta Enmienda a la Constitución Federal.

Número Identificador

RES2023 _____

Cabe precisar que el señor Álvarez no presentó el dictamen recurrido como parte del apéndice de su recurso de *certorari*. Sin embargo, el 17 de mayo de 2023, emitimos una *Resolución* ordenándole a la Secretaría del TPI a que nos remitiera los autos originales de los casos ISCR201401115, ISCR201401116, ISCR20140117, ISCR201401118 y ISCR201401119 para estar en mejor posición de atender los reclamos del peticionario. De los autos originales surge que el 1 de marzo de 2021, el señor Álvarez presentó una *Moción en Solicitud de Corrección de Sentencia* […] en la cual levantó los mismos reclamos que en el recurso de epígrafe. Evaluada la solicitud, el 30 de marzo de 2021, el TPI emitió una *Resolución y Orden* que se notificó el 8 de abril de 2021 declarando No Ha Lugar la solicitud del señor Álvarez. Particularmente resolvió lo siguiente:

> A la solicitud conforme a la Regla 192.1 de Procedimiento Criminal, no ha lugar.
>
> El convicto no ha presentado argumentos para derrotar la presunción de una razonable asistencia legal. El Artículo 5.04 de la Ley de Armas no ha sido declarado inconstitucional. Las sentencias fueron dictadas conforme a derecho.
>
> En cuanto a la evaluación de la prueba en el juicio, el acusado no compareció al mismo. No tiene conocimiento de los procesos allí ocurridos, pues optó por no comparecer.

De igual forma, de los autos originales se desprende que posteriormente, el 24 de febrero de 2023, el peticionario presentó otra *Moción sobre Corrección de la Sentencia bajo la Regla 185* y en esta expuso los mismos planteamientos que en la *Moción en Solicitud de Corrección de Sentencia* […] del 1 de marzo de 2021 y del recurso de epígrafe. Así pues, el 3 de mayo de 2023, el TPI emitió el dictamen recurrido intitulado *Resolución y Orden* que fue notificado el 5 de mayo de 2023. En este, declaró No Ha Lugar la solicitud del convicto. Inconforme con esta determinación, el 3 de mayo de 2023, el peticionario presentó el recurso de epígrafe ante el Departamento de

Corrección y Rehabilitación (DCR). El recurso lo recibimos el 10 de mayo de 2023.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

III.

Luego de evaluar el recurso de epígrafe, a la luz de la totalidad del expediente, y a los criterios que emanan de la Regla 40 de nuestro Reglamento, *supra,* no surge que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Consecuentemente, determinamos denegar el recurso de epígrafe.

IV.

Por los fundamentos previamente expuestos, ***denegamos*** el recurso de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones